1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 | EDNA MOLINA, INDIVIDUALLY, AND AS | Case No. 1:23-cv-00724-EPG
12 | SUCCESSOR-IN-INTEREST OF THE ESTATE |
   | OF LORENZO MOLINA, ASHLEY MOLINA, | ORDER APPROVING, IN PART, THE
13 | INDIVIDUALLY, | PARTIES' STIPULATED PROTECTIVE
   | | ORDER
14 |          Plaintiffs, |
   | vs. | (ECF No. 24).
15 | |
16 | COUNTY OF TULARE, MARTIN AGUILAR, |
   | CESAR ANDRADE, AND DOES 1 THROUGH |
17 | 15, INCLUSIVE, |
18 |          Defendants. |

19

20        On September 7, 2023, the parties file a stipulated protective order for the Court's

21 approval. (ECF No. 24). Upon review, the Court finds it acceptable in most respects. However,

22 the Court notes that the parties define the term "confidential information or items" to mean

23 "information (regardless of how generated, stored or maintained) or tangible things that qualify

24 for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the [Good

25 Cause Statement." (*Id.*, p. 4). The parties' Good Cause Statement further indicates that documents

26 produced in discovery may "contain information that is unavailable to the public and/or privileged

27 or otherwise protected from disclosure under state or federal statutes, court rules, case decisions,

28 or common law." (*Id.*, p. 2). Such a definition improperly allows the parties to deem information

    confidential so long as they themselves believe that it qualifies for protection under various

                                         1

1   authorities, including federal or state statutes, local court rules, common law, and case law,

2   without disclosing the types of information at issue as required by Local Rule 141(c)(1).

3   However, the parties elsewhere provide of description of certain "types" of confidential

4   information, which includes "medical records of the parties", "social security numbers and similar

5   sensitive identifying information", and "officer personnel records." (*Id.*, p. 4). This definition also

6   provides that "[e]xcept by stipulation or order based on good case, this information may not

7   include records, information, and investigation of the subject incident(s), specifically those related

8   to the death of Juan Molina on May 1, 2022." (*Id.*) Accordingly, the Court will limit the parties'

9   definition of confidential information to that information contained in the section of the protective

10  order titled, "'CONFIDENTIAL' Information or Items." (*Id.*)

11  Additionally, the Court notes that "a protective order may not bind the Court or its

12  personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2

13  (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's

14  established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal

15  discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See*

16  ECF No. 23, p. 7; ECF No. 11, pp. 4-5 (noting procedures regarding informal discovery

17  conferences and discovery motions); the Court's Standard Procedures (same), available on the

     Court's website).

18  Accordingly, the Court will approve the parties' stipulated protective order (ECF No. 24),

19  in part, as revised above.

20  1.      A. <u>PURPOSES AND LIMITATIONS</u>

21  Discovery in this action is likely to involve production of confidential, proprietary, or

22  private information for which special protection from public disclosure and from use for any

23  purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

24  stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties

25  acknowledge that this Order does not confer blanket protections on all disclosures or responses to

26  discovery and that the protection it affords from public disclosure and use extends only to the

27  limited information or items that are entitled to confidential treatment under the applicable legal

28  principles.

1  B. <u>GOOD CAUSE STATEMENT</u>

2  Defendant County of Tulare, acting by and through the Tulare County Sheriff's Office

3  (TCSO), may be producing documents that contain information that is unavailable to the public

4  and/or privileged or otherwise protected from disclosure under state or federal statues, court rules,

5  case decisions, or common law.  Defendants may also be producing documents that contain

6  personal and confidential information regarding individuals which information is unavailable to

7  the public, including peace officer personnel records and records related to third parties.

8  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

9  disputes over confidentiality of discovery materials, to adequately protect information the parties

10  are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

11  of such material in preparation for and in the conduct of trial, to address their handling at the end

12  of the litigation, and serve the ends of justice, a protective order for such information is justified

13  in this matter. It is the intent of the parties that information will not be designated as confidential

14  for tactical reasons and that nothing be so designated without a good faith belief that it has been

15  maintained in a confidential, non-public manner, and there is good cause why it should not be

16  part of the public record of this case. The Stipulated Order is made without prejudice to future

17  determinations by the Court as to the confidentiality of particular documents.

18  C. <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

19  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

20  Protective Order does not entitle them to file confidential information under seal; Civil Local

21  Rules 141, 141.1(e) set forth the procedures that must be followed and the standards that will be

22  applied when a party seeks permission from the court to file material under seal.

23  There is a strong presumption that the public has a right of access to judicial proceedings

24  and records in civil cases.  In connection with non-dispositive motions, good cause must be

25  shown to support a filing under seal.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d

26  1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

27  1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis.

28

3

1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. DEFINITIONS

2.1 Action: *Edna Molina, et al. v. County of Tulare, et al.*, United States District Court for the Eastern District of California case number 1:23-cv-00724-EPG.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless  of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

1  of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including, but not

2  limited to:

3      a.  Medical records of the parties

4      b.  Social security numbers and similar sensitive identifying information (unless redacted

5          by order or by agreement of all parties)

6      c.  Officer personnel records

7      Except by stipulation or order based on good case, this information may not include

8  records, information, and investigation of the subject incident(s), specifically those related to the

9  death of Juan Molina on May 1, 2022.

10      2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support

11  staff).

12      2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

13  produces in disclosures or in responses to discovery as "CONFIDENTIAL."

14      2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

15  or manner in which it is generated, stored, or maintained (including, among other things,

16  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

17  responses to discovery in this matter.

18      2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

19  litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

20  consultant in this Action.

21      2.8 <u>Final Disposition</u>:  the later of (1) dismissal of all claims and defenses in this Action,

22  with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

23  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing

24  any motions or applications for extension of time pursuant to applicable law.

25      2.9 <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House

26  Counsel does not include Outside Counsel of Record or any other outside counsel.

27      2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

28  entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and its associated Order do *not* cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings in the margins.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If the information is produced electronically, then the term "CONFIDENTIAL" must appear in the name of each electronic file containing confidentially designated information. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the Protective Order.

The parties shall attempt to resolve each challenge in good faith and must begin the process of conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention.

The burden of persuasion in any such challenge proceeding shall be on the Designating

9

Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by all parties receiving the information in connection with the litigation at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by agreement of both the Designating Party and Receiving Party(ies), all parties may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action with due regard for the confidential nature of the information under this protective order;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of any Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party and any other parties present at the deposition or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order or as agreed by all parties; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
<u>OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) Application. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

12

Party's confidential information responsive to the discovery request. If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its possession

or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

any person or in any circumstance not authorized under this Stipulated Protective Order, the

Receiving Party must immediately (a) notify in writing all Parties of the unauthorized disclosures,

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be

Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review. Pursuant to Federal Rule of

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product

protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek

its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

1  no Party waives any right it otherwise would have to object to disclosing or producing any

2  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

3  Party waives any right to object on any ground to use in evidence of any of the material covered

4  by this Protective Order.

5       12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material

6  must comply with Civil Local Rules 141, 141.1(e). Protected Material may only be filed under

7  seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If

8  a Party's request to file Protected Material under seal is denied by the court, then the Receiving

9  Party may file the information in the public record unless otherwise instructed by the court.

10  13. <u>FINAL DISPOSITION</u>

11       After the final disposition of this Action, as defined in paragraph 4, unless otherwise

12  ordered, within 60 days of a written request by the Producing or Designating Party, each

13  Receiving Party must return all Protected Material to the Producing Party or destroy such

14  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

15  compilations, summaries, and any other format reproducing or capturing any of the Protected

16  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

17  submit a written certification to the Producing Party (and, if not the same person or entity, to the

18  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

19  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

20  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

21  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

22  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

23  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

24  product, and consultant and expert work product, even if such materials contain Protected

25  Material. Any such archival copies that contain or constitute Protected Material remain subject to

26  this Protective Order as set forth in Section 4 (DURATION).

27  14. <u>VIOLATION OF ORDER</u>

28       Any violation of this Order may be punished by any and all appropriate measures

1    including, without limitation, contempt proceedings and/or monetary sanctions.

2

3              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    Dated:  September 7, 2023                    Respectfully submitted,

6                                                 JENNIFER M. FLORES
                                                  County counsel for the County of Tulare
7
                                                  */s/  Amy I. Myers*
8                                                 AMY I. MYERS
                                                  Deputy County Counsel
9                                                 *Attorneys for Defendants*
                                                  *County of Tulare, Nicholas Sandoval, Hector*
10                                                *Rodriguez, and David Randolph.*

11

12   Dated: September 7, 2023                     CARRILLO LAW FIRM, LLP

13                                                */s/ Dominique L. Boubion* (authorized 9/7/2023)
                                                  LUIS A. CARRILLO
14                                                MICHAL S. CARRILLO
                                                  DOMINIQUE L. BOUBION
15                                                *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3        I, _____ [print or type full name], of

4   _____ [print or type full address], declare under

5   penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

6   that was issued by the United States District Court for the Eastern District of California on

7   _____[date] in the case of *Enda Molina, et al. v. County of Tulare, et al.*, United States

8   District Court for the Eastern District of California case number 1:23-cv-00724-EPG. I agree to

9   comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

10  and acknowledge that failure to so comply could expose me to sanctions and punishment in the

11  nature of contempt. I solemnly promise that I will not disclose in any manner any information or

12  item that is subject to this Stipulated Protective Order to any person or entity except in strict

13  compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15  Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this action. I hereby

17  appoint _____ [print or type full name] of

18  _____ [print or type full address and telephone

19  number] as my California agent for service of process in connection with this action or any

20  proceedings related to enforcement of this Stipulated Protective Order.

21  Date: _____          _____

22                                                         [signature]

23                                          _____

24                                                         [City and State where sworn]

25

26

27

28

16

1

**ORDER**

2          Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 24)

3   is approved, in part, as revised above.

4

IT IS SO ORDERED.

5

6          Dated:   **September 11, 2023**                     /s/ *Erica P. Grosjean*

7                                                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28